UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NIGHT OWL SP, LLC,

      Plaintiff,

v.            Case No: 2:19-cv-109-FtM-38UAM

DONGGUAN AUHUA
ELECTRONICS CO., LTD. and JUN
LI,

      Defendants.

## OPINION AND ORDER[1]

Before the Court is Plaintiff Night Owl SP, LLC's *Ex Parte* Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 6).

This is a trademark infringement case. Night Owl is a Florida company that sells home security equipment under the registered NIGHT OWL trademark. Night Owl also uses certain design marks in connection with its products. Defendant Dongguan Auhua Electronics Co., Ltd. is a Chinese company that supplied Night Owl with component products from 2012 to 2017, and Defendant Jun Li is Auhua's President. In its Complaint, Night Owl accuses Defendants of selling counterfeit products bearing the NIGHT OWL mark and its design marks. (Doc. 1).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Auhua has registered several of Night Owl's design marks in China and has used these registrations to disrupt exportation of Night Owl's products from China. Auhua is currently seeking to register three of Night Owl's design marks with the United States Patent and Trademark Office. Night Owl is contesting Auhua's Chinese registrations and worries that the USPTO applications, if allowed, could undermine its position in the Chinese proceeding. Night Owl thus seeks a temporary restraining order from this Court directing the USPTO to freeze Auhua's applications while this case is litigated. (Doc. 7).

"The grant of a preliminary injunction in advance of trial is an extraordinary remedy." *McMahon v. Cleveland Clinic Found. Police Dept.*, 455 F. App'x 874, 878 (11th Cir. 2011) (internal quotations and citation omitted). In addition to the usual requirements for injunctive relief, a district court may issue an *ex parte* temporary restraining order

> only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). These requirements acknowledge "that informal notice and a hastily arranged hearing are to be preferred to no notice or hearing at all." *Granny Goose Foods, Inc. v. Bhd. of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 432 n.7 (1974). The Supreme Court has further recognized "a place in our jurisprudence for ex parte issuance, without notice, of temporary restraining orders of short duration" but not "where no showing is made that it is impossible to serve or to notify the opposing parties and to give them an opportunity to participate." *Carroll v. President and Com'rs of Princess Anne*, 393 U.S. 175, 180 (1968).

Night Owl argues that giving notice to Defendants is "impractical if not impossible" because they are in China. But Night Owl had a five-year business relationship with Defendants, and they are currently engaged in a trademark dispute in China. Also, documents submitted in support of Night Owl's Motion include both a physical address and email address for Auhua. (*See, e.g.,* Doc. 7-1 at 61). It appears unlikely that Night Owl cannot at least give Defendants informal notice of its Motion. In any event, Night Owl has not met Rule 65(b)'s clear requirement that its attorney "certif[y] in writing any efforts made to give notice." The Court will thus deny Night Owl's Motion until and unless Night Owl strictly complies with Rule 65(b).

Accordingly, it is now

**ORDERED:**

Plaintiff Night Owl SP, LLC's *Ex Parte* Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 6) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 4th day of March, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

3