UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NIGHT OWL SP, LLC,

      Plaintiff,

v.                                    Case No: 2:19-cv-109-FtM-38UAM

DONGGUAN AUHUA
ELECTRONICS CO., LTD. and JUN
LI,

      Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Plaintiff Night Owl SP, LLC's *Renewed* Motion for Temporary Restraining Order and Preliminary Injunction and Declaration and Written Certification of Lida Rodriguez-Taseff Pursuant to Rule 65(b)(1)(B) of the Federal Rules of Civil Procedure (Doc. 15).

This is a trademark infringement case. Night Owl is a Florida company that sells home security equipment under the registered NIGHT OWL trademark. Night Owl also uses certain design marks for its products. Defendant Dongguan Auhua Electronics Co., Ltd. is a Chinese company that supplied Night Owl with component products from 2012 to 2017, and Defendant Jun Li is Auhua's President. In its Complaint, Night Owl accuses

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Defendants of selling counterfeit products bearing the NIGHT OWL mark and its design marks. (Doc. 1).

Auhua has registered several of Night Owl's design marks in China and has used these registrations to disrupt exportation of Night Owl's products from China. When the Complaint was filed, Auhua was seeking to register three of Night Owl's design marks with the United States Patent and Trademark Office. Night Owl is contesting Auhua's Chinese registrations and worries that the USPTO applications could undermine its position in the Chinese proceeding. Night Owl thus sought a temporary restraining order from this Court directing the USPTO to freeze Auhua's applications during litigation. (Doc. 7). The Court denied Night Owl's motion because it did not comply with Federal Rule of Civil Procedure 65(b). (Doc. 14). The USPTO approved Auhua's trademark applications the next day. (Doc. 16). So rather than request a freeze on Auhua's applications, Night Owl now requests cancellations of Auhua's registrations. (Doc. 15).

"The grant of a preliminary injunction in advance of trial is an extraordinary remedy." *McMahon v. Cleveland Clinic Found. Police Dept.*, 455 F. App'x 874, 878 (11th Cir. 2011) (internal quotations and citation omitted). On top of the usual requirements for injunctive relief, a district court may issue an ex parte temporary restraining order

> only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). And ex parte temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose*

*Foods, Inc. v. Bhd. of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974).

Cancellation of a trademark is not a remedy amenable to temporarily maintaining the status quo. Rather, cancellation inherently changes a trademark owner's status permanently, or at least until a court orders restoration of the cancelled registration.[2] The status quo here was established when Night Owl filed its Complaint: Auhua's had three trademark applications pending before the USPTO on the verge of registration. An order cancelling the registrations would not restore the status quo but would instead put Defendants in a different, weaker position. The Court thus will not order the cancellation of a trademark registration in an ex parte temporary restraining order.

Night Owl also requests that the Court enjoin Defendants from certain conduct relating to their use of the design marks at issue. But Night Owl does not show that this relief is necessary to prevent "immediate and irreparable injury, loss, or damage." Fed. R. Civ. P. 65(b). Put simply, Defendants' use of the marks is not an emergency that justifies an ex parte temporary restraining order. The issue is best left for a preliminary injunction, which cannot issue until Defendants receive notice and a fair opportunity to present their objections. *Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003). The Court will thus schedule a hearing on the preliminary injunction with the expectation that Night Owl will make diligent efforts to notify

---

[2] If Rule 65(b) could be used to cancel trademarks, a party could file a complaint, obtain an order cancelling a registration, then dismiss the case, all without serving the trademark owner. The trademark owner would not have a chance to object, and the court would not have jurisdiction to restore the registration.

3

Defendants. The Court will postpone the hearing if needed to ensure that Defendants have a fair opportunity to contest the injunction.

Accordingly, it is now

**ORDERED:**

Plaintiff Night Owl SP, LLC's *Renewed* Motion for Temporary Restraining Order and Preliminary Injunction and Declaration and Written Certification of Lida Rodriguez-Taseff Pursuant to Rule 65(b)(1)(B) of the Federal Rules of Civil Procedure (Doc. 15) is **DENIED in part**.

(1) Night Owl's request for an ex parte temporary restraining order is **DENIED**.

(2) The Court will hold a hearing on Night Owl's request for a preliminary injunction on **April 9, 2019, at 9:30 a.m.** in Courtroom 5 of the United States Courthouse and Federal Building, 2110 First Street, Fort Myers, FL 33901.

(3) Night Owl is **ORDERED** to make diligent efforts to serve Defendants with process and notify them of the hearing as soon as possible, and to notify the Court of the status of its efforts in writing on **March 26, 2019**.

**DONE** and **ORDERED** in Fort Myers, Florida this 7th day of March, 2019.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

4